UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELORES M. VOLLENWEIDER,                )
                                         )
         Plaintiff,                      )
                                         )
vs.                                      )
                                         )   Case No. 19-4009-SAC
SECURIAN LIFE INSURANCE                  )
COMPANY AND MINNESOTA LIFE               )
INSURANCE COMPANY,                       )
                                         )
         Defendants.                     )
                                         )

## **ORDER**

Plaintiff filed this employee death-benefit case in the District Court of Geary County, Kansas, which defendants removed to the District of Kansas on February 8, 2019.[1] Plaintiff has filed a motion to designate her expert witness, Shawnee County Coroner Dr. Charles Glenn, out of time (ECF No. 40). The scheduling order, entered on May 15, 2019, gave plaintiff a deadline of June 28, 2019 to disclose her expert witnesses.[2] Defendants oppose the motion, arguing that plaintiff has not shown excusable neglect and that defendants will be unduly prejudiced by the late designation.[3] For the reasons discussed below, the court grants plaintiff's motion.

---

[1] ECF No. 1.

[2] ECF No. 25.

[3] ECF No. 42.

The court may grant an extension out of time upon a showing of excusable neglect.[4] Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings."[5] Excusable neglect is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[6]

As earlier indicated, the deadline for plaintiff to disclose any expert witnesses was June 28, 2019,[7] and plaintiff failed to timely disclose. Plaintiff's counsel readily acknowledges that their failure to designate Dr. Glenn was an inadvertent error that was within his control.[8] Defendants contest that plaintiff acted in good faith when asking for an extension, arguing that "there are no facts within [p]laintiff's motion indicating that she has acted in good faith."[9]

---

[4] D. Kan. Rule 6.1(a); *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009).

[5] *Id.*

[6] *Baker v. Promise Reg'l Med. Ctr.*, No. 10-CV-01257-KHV-DJW, 2012 WL 899265, at *2 (D. Kan. Mar. 16, 2012) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd Partnership,* 507 U.S. 388, 392 (1993)).

[7] ECF No. 25.

[8] ECF No. 43.

[9] ECF No. 42.

The court sees no reason to question plaintiff's good faith in seeking relief, as the asserted reason that an inadvertent error was made appears to be genuine. Further, the expert plaintiff intends to disclose is the same expert who has been involved in the case for its entire duration. Plaintiff is not attempting to introduce a previously-unknown expert into the case.

Defendants argue they will be prejudiced by a late designation because they have prepared their case for mediation and dispositive motions while "relying, in part, on the fact that plaintiff did not designate any expert witnesses."[10] Yet, as plaintiff points out, plaintiff has relied on Dr. Glenn's opinion since the beginning of the case.[11] Defendants have been aware of him and his opinions, including his Report of Death and Autopsy Report, since the case was filed.[12] Defendants do not dispute that characterization in their response.[13]

As to the length of the delay and its impact on the proceedings, the court finds this factor also weighs in favor of an extension. The court acknowledges that plaintiff's deadline was June 28, 2019, and it is not inconsequential that plaintiff did not file this motion until August 5, 2019. But the length of the delay was relatively short "in the context

---

[10] ECF No. 42.

[11] ECF No. 40.

[12] *Id.*

[13] ECF No. 42.

3

of the litigation proceedings as a whole."[14] Importantly, no trial date has been set in this case, and granting this extension will not unduly impact the proceedings in the case. Indeed, *not* permitting plaintiff to list an expert witness would have a more prejudicial impact on the case than granting this out-of-time extension. The court does not believe that plaintiff should be prevented from rectifying this procedural mistake under these circumstances.

Defendants should not ignore the fact that a number of deadlines have been extended in this case at the parties' joint request, including: the deadline for defendants to file an answer (extended from February 15, 2019 to March 1, 2019, then to March 11, 2019);[15] the deadline to submit Rule 26(a)(1) disclosures (extended from May 6, 2019 to May 10, 2019);[16] the deadline for the factual stipulation (extended from July 1, 2019 to July 16, 2019);[17] and the deadline for early summary-judgment motions (extended from July 22, 2019 to August 28, 2019).[18] Permitting plaintiff to disclose Dr. Glenn out of time is, similarly, an accommodation made in good faith to allow the parties to fairly litigate this case.

---

[14] *See Baker*, 2012 WL 899265, at *2 (finding a seven-week delay for designating an expert to be excusable neglect).

[15] ECF Nos. 6 and 8.

[16] ECF No. 12.

[17] ECF No. 34.

[18] ECF No. 38.

Defendants assert that they will not have ample time to review Dr. Glenn's expert report and depose him before mediation, which is scheduled for August 13, 2019.[19] The court recognizes defendants' concern. If defendants truly believe they cannot go forward with the scheduled mediation in light of the court's ruling, the court will favorably entertain a motion to postpone mediation. Similarly, if defendants need an extension of their own expert disclosure deadline, the court will favorably entertain such a motion, as well.

IT IS THEREFORE ORDERED that plaintiff's motion is granted. Plaintiff shall serve her expert designation by August 12, 2019.

IT IS SO ORDERED.

Dated August 8, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[19] ECF No. 42.